IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

ETHEL LOU WEST §
 §
      PLAINITIFF, § CIVIL ACTION NO. 1:15-CV-219-SS
 §
V. §
 §
LEW STERRETT JUSTICE CENTER §
OF DALLAS COUNTY §
      DEFENDANTS §

**ORDER ON REQUEST TO PROCEED IN FORMA PAUPERIS
AND MOTION TO APPOINT COUNSEL AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

     The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

     Before the Court is Plaintiff's Complaint [#1], Motion to Proceed in Forma Pauperis [#2], and Motion to Appoint Counsel [#3]. Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

**I. REQUEST TO PROCEED IN FORMA PAUPERIS**

     The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that her complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This

1

indigent status is granted subject to a later determination the action may be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.  Therefore, ***service upon Defendants should be withheld*** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II. REVIEW OF THE MERITS OF THE CLAIMS

### A.  Factual Allegations

Plaintiff, Ethell Lou West,[1] contends Lew Sterrett Justice Center of Dallas "lies to family members about inmates," and specifically, that "they lied to me and told me that James was a trouble maker and he wasn't."  Compl. [#1] at 1.  The remainder of her complaint details alleged deficiencies in the conditions of James West's confinement, including racially motivated mistreatment by unnamed guards, substandard hygiene products and commissary stock, and a lack of seatbelts on a prison van and air conditioning in a prison laundry shop.  *Id.*

In support of her claim, Plaintiff attaches several documents that may relate to the ***reasons*** behind James West's confinement, but that make no mention of the conditions of his

---

[1] Plaintiff styles this complaint "Ethel Lou West + James Jr. West v. Lew Sterrett Justice Center of Dallas County."  Compl. [#1].  Only Ethel West has signed the complaint, and as she is not an attorney, she cannot represent James West in this action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. Tex. 1998).  James West has not filed or joined Plaintiff's complaint and is therefore not a party to this action.  *Id.* (a pleading signed by a nonlawyer on his own behalf and on behalf of another is effective only as to the signer.)

2

confinement or the communications between Plaintiff and the Lew Sterrett Justice Center during Mr. West's confinement.  Specifically, Plaintiff attaches:  (1) a June 2013 communication from the Dallas County Public Defender's Office to James West concerning a contempt order entered in Cause No. 09-18430, *In re Interest of West*, a child support action concerning a child James West had with Shanet Lashay Clark, (2) a letter of complaint from James West addressed to the Texas Bar Judicial Board complaining about the procedure and outcome of the child support action regarding his child with Shanet Lashay Clark and requesting removal of various offenses from his criminal history record, (3) a letter from James West to his "Power Attorney" explaining the personal issues behind his child support dispute with Shanet Lashay Clark, and (4) various court documents from the child support hearing concerning the child of James West and Shanet Lashay Clark, including an Order Enforcing Child Support and Medical Support Obligation.[2]

Plaintiff has been specifically informed of the need to redact such personally identifying data as names of minor children, social security numbers of any individual, the full birth date of any individual, and financial account numbers pertaining to any individual.  See Clerk's Letter of March 17, 2015 [#5] at 2.  Because the attachments to Plaintiff's Complaint [#1] contain voluminous amounts of the very type of personally identifiable sensitive data Plaintiff has been instructed to redact or refrain from filing, it is ORDERED that the Court Clerk shall restrict electronic access to this document.  Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor

---

[2] Additionally, Plaintiff has attached documents to her complaint that appear to be completely unrelated to any claims against the Lew Sterrett Justice Center, including: (1) documents concerning a prior lawsuit against The Hills Apartments, Civil Action No. 4:14-CV-630-O, which was dismissed without prejudice for failure to prosecute on September 3, 2014, and (2) the citation and original petition in a child support action concerning the two children of Ethel Ferrell (Plaintiff's maiden name), and James West, her current husband.  Plaintiff has not explained how these attachments relate to her complaint against the Lew Sterrett Justice Center, nor is their connection apparent to the undersigned.  After review of these materials, the undersigned is of the opinion they have no bearing on any claim asserted in the Complaint and do not impact the analysis of Plaintiff's claims for relief.

children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

### B. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in fact or law. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992)). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir.), cert. denied, 123 S. Ct. 660 (2002); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in fact if it encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Denton,* 504 U.S. at 33, 112 S. Ct. at 1733; *see also Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S. Ct. 1827, 1831 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

The court must also initially examine the basis for federal subject matter jurisdiction. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995). Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. One essential element of the "case-or-controversy requirement" is that the plaintiff must establish she

has standing to sue. *Peters v. St. Joseph Servs. Corp.*, 2015 U.S. Dist. LEXIS 16451, *12 (citing *Clapper v. Amnesty Int'l USA*, ____ U.S. ____, 133 S. Ct. 1138, 1146 (2013)). Federal courts lack the authority "'to decide questions that cannot affect the rights of litigants in the case before them.'" *Alexander v. Frank,* 777 F. Supp. 516, 523 (N.D. Tex 1991) (citing *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 404 (1971)).

Article III of the United States Constitution further requires that a suit be dismissed unless it concerns "a real and substantial controversy admitting of specific relief . . .." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S. Ct. 461, 464 (1937). The Article III "case or controversy" requirement is not met if Plaintiff's alleged injuries cannot be redressed through specific court action of a conclusive character. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *Aetna*, 300 U.S. at 240-41, 57 S. Ct. at 464). The party invoking federal jurisdiction has the burden of showing an actual injury redressable by the Court. *Frank*, 777 F. Supp. at 523.

### C. Discussion

Plaintiff lacks standing to assert the rights of James West, who is not a party to this litigation and therefore has not properly invoked the jurisdiction of this Court. *Alexander,* 777 F. Supp. at 523. The only claim Plaintiff has asserted on her own behalf is that staff at Lew Sterrett Justice Center told her Mr. West was a "trouble maker" when she believes he was not. Compl. [#1] at 1. She has not articulated how such a statement, even if false, caused her any injury that would be redressable by this court. *Vantage Trailers,* 567 F.3d at 748. Because Plaintiff has not stated a claim affecting her rights that could be redressed by this Court, the undersigned RECOMMENDS that her complaint be dismissed for lack of jurisdiction.

Additionally and in the alternative, the undersigned notes that Plaintiff complains of the Lew Sterrett Justice Center of Dallas County. The capacity of an entity, such as a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (citing FED. R. CIV. P. 17(b)). For a plaintiff to sue a county jail, that department must enjoy a separate legal existence. *Darby*, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit—and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit. *Gonzales v. Lew Sterrett Dallas County Jail*, No. 3:08-CV-1510-D, 2008 U.S. Dist. LEXIS 92597, *1 (N.D. Tex. Nov. 13, 2008); *see also Gonzales v. Lew Sterrett Dallas County Jail*, No. 3:08-CV-1510-D (BH), 2008 U.S. Dist. LEXIS 124915, *4-5 (N.D. Tex. Oct. 21, 2008) (collecting cases).[3] Because the Lew Sterrett Justice Center is not an entity capable of being sued, the undersigned alternatively RECOMMENDS Plaintiff's claims be dismissed for failure to state a claim on which relief can be granted.[4]

---

[3] *See also, e.g., Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 U.S. Dist. LEXIS 21084, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not jural entity subject to suit), aff'd, 154 F.3d 416 (5th Cir. 1998); *Westbrook v. Dallas County*, No. 3-96-CV-2039-BD, 1999 U.S. Dist. LEXIS 9375, 1999 WL 354231, at *2 (N.D. Tex. June 2, 1999) (holding that "the Lew Sterrett Justice Center is not a jural entity amenable to suit").

[4] Typically, the Court should accord plaintiffs who name non-jural entities as defendants an opportunity to amend to name a defendant with the capacity to be sued before dismissal of the complaint. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this case, however, such amendment would be futile because, even if Plaintiff were to identify a defendant with the capacity to be sued, Plaintiff has not stated a redressable claim on her own behalf, and she lacks standing to assert claims concerning the conditions of non-party, James West's confinement. *Crook v. Galaviz*, EP-14-CV-193-KC, 2015 U.S. Dist. LEXIS 13998 (W.D. Tex. Feb. 5, 2015) (citing *Cnty. Court of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 2223 (1979) ("A party has standing . . . only insofar as [the challenged practice] has an adverse impact on his own rights.").

Even if the Court granted leave to re-plead to identify a proper defendant **and** add James West as a proper party, there is no indication on the face of the Complaint or its attachments that the claims asserted regarding the conditions of James West's confinement are redressable by this Court, as it appears he is no longer being held at the Lew Sterrett Justice Center. *See* Compl. [#1] at attachment July 1, 2014 Letter of J. West to Texas Bar Judicial

6

The undersigned notes that Plaintiff Ethel Lou West has multiple claims pending before this Court, each of which the undersigned has recommended be dismissed for lack of jurisdiction, failure to state a cognizable claim for relief, and/or frivolousness. Ms. West has previously had multiple claims dismissed before the Northern District of Texas, where she is currently domiciled, for failure to prosecute and as frivolous. Under these circumstances, the undersigned specifically warns Ms. West that sanctions may become appropriate when a pro se litigant develops a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

Based on Ms. West's current conduct in the Western District and her past litigation conduct in the Northern District of Texas, the Court warns Ms. West that if she continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

### III. RECOMMENDATION

The Magistrate Court hereby GRANTS Plaintiff's Application to Proceed In Forma Pauperis.

Because voluminous attachments to Plaintiff's Complaint [#1] contain personal data identifiers of nonparties, IT IS ORDERED that the Clerk of this Court shall restrict electronic access to this document.

---

Board ("To Whom It May Concern") ("I sat in jail two times once in April 3, 2013 . . . .; and in jail July 17, 2013 . . .."). Claims for injunctive relief regarding the conditions of confinement are mooted by a prisoner's release. *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990); *Gillespie v. Crawford*, 858 F.2d 1101, 1102 (5th Cir. 1988).

Plaintiff is specifically and personally ORDERED to refrain from filing any further unredacted personal data of non-parties, including names of minor children, the full social security numbers of any individual, the full birth date of any individual, complete financial account numbers pertaining to any individual, and personally identifiable health information of any individual.

The undersigned RECOMMENDS the District Court dismiss Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and FURTHER RECOMMENDS that the District Court DENY all other pending motions and requests for relief.

### IV. WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED on April 14, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE